UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEJUAN LOWE,

    Plaintiff,

    v.                                    CAUSE NO. 3:23-CV-607-DRL-MGG

NANCY B. MARTHAKIS,

    Defendant.

## OPINION AND ORDER

DeJuan Lowe, a prisoner without a lawyer, filed a complaint about the medical care he received over a 10-year period at Indiana State Prison for gastritis and ulcerative colitis. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Lowe alleges that in February 2012, he began exhibiting symptoms of fatigue, weight loss, nausea, abdominal pain, loss of appetite, vomiting, diarrhea, and stomach cramps. ECF 1 at 3-4. In April 2013, a gastroenterologist diagnosed him with gastritis and ulcerative colitis and the gastroenterologist prescribed him Humira or Remicade, along with other medications. *Id.* at 4; ECF 1-1 at 3-6.

The prison doctors, however, chose to try other treatment options instead of Humira or Remicade. ECF 1 at 4; ECF 1-1 at 10-11. Mr. Lowe alleges those treatments were ineffective. From 2013 to 2018, he continued to experience fatigue, weight loss, and abdominal pain, until in 2018 he developed an anal fistula and began leaking blood, mucus, and puss from his anal area. ECF 1 at 4. He contends the treatment he received after that was not effective; the anal fistulas persisted for several more years. *Id.* at 5. On January 31, 2023, a gastroenterologist again prescribed that he start "Infliximab or bio similars including (Remicade, Avsola, Inflectra, Ixifi, Renflexis)." ECF 1-1 at 21. After he began this treatment, Mr. Lowe's ulcerative colitis went into remission, and he had no more complications. ECF 1 at 6. He sues for the ten years of ineffective treatment he had to endure before finally being successfully treated with the treatment initially prescribed.

The Eighth Amendment entitles inmates to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability for a denial of constitutionally adequate medical care, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do

2

anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotations, brackets, and citations omitted).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A medical professional can be deliberately indifferent by persisting in a course of treatment known to be ineffective. *See Greeno*, 414 F.3d at 655.

Here, Mr. Lowe's gastritis and ulcerative colitis constitutes a serious medical need, so the analysis turns to whether the complaint plausibly alleges that any defendant was deliberately indifferent to that need. The complaint alleges generally that each of the twelve defendants "is responsible and liable to make sure that plaintiff receives proper medical attention when needed" and that each of the individual medical defendants "subjected Plaintiff to cruel and unusual punishment for continuing to administer ineffective treatment with the knowledge that Plaintiff's conditions was worsening and that alternative treatment plans had failed." ECF 1 at 2-3, 8-10. But without facts explaining how each defendant was personally involved in Mr. Lowe's medical care, those general statements are not enough to allow a claim to go forward against each of these defendants. Looking at the specific allegations, Mr. Lowe plausibly alleges that

3

Dr. Marthakis was involved in making decisions about his care and in deciding what medication was appropriate. ECF 1 at 4-5, 8. He may proceed against her.

None of the other defendants is alleged to have the personal involvement in his care to be held liable. The only alleged involvement of Nurse Practitioner Karen Fagan in the complaint is scheduling him for a CT enterography at the request of a general surgeon in October 2022. ECF 1 at 5-6; ECF 1-1 at 18-20. There are no facts to suggest scheduling this procedure was a departure from professional judgment. As for the other individual medical defendants (Kimberly A. Marshman, Dr. Diane Doe, Ladonna A. Spencer, Christine A. Rossi, Sandie M. Collins, and Sherri Fritter), the complaint does not say what involvement they had in Mr. Lowe's medical care. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotations, citations and footnote omitted). They will be dismissed.

Mr. Lowe alleges that Wexford, Inc. Sources, Corizon Health Sources, and Centurion Health Sources are liable based on their "collegial review" process. ECF 1 at 7-8. However, there is no explanation about how the collegial review process was part of Mr. Lowe's medical care. These companies will be dismissed.

Finally, Mr. Lowe sues Joshua Wallen and Mark Newkirk based on their roles in the grievance process. ECF 1 at 11. In general, "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). In rare situations, a grievance officer may be held liable if the grievances "gave the prison official sufficient notice to alert him or her to 'an excessive risk to inmate health or safety,'" *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)), and the grievance officer did not conduct a reasonable investigation, *Johnson v. Doughty*, 433 F.3d 1001, 1010-11 (7th Cir. 2006). Here, there is no information about what was communicated to the grievance officers or what steps they took in response. These defendants will be dismissed.

For these reasons, the court:

(1) GRANTS DeJuan Lowe leave to proceed against Dr. Nancy B. Marthakis in her individual capacity for compensatory and punitive damages for persisting in a course of ineffective treatment of Mr. Lowe's gastritis and ulcerative colitis from 2013 through 2023 in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Wexford, Centurion, Corizon, Kimberly A. Marshman, Diane Doe, Ladonna A. Spencer, Christine A. Rossi, Sandie M. Collins, Sherri Fritter, Joshua Wallen, and Mark Newkirk

5

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nancy B. Marthakis at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 1);

(5) ORDERS Centurion Health of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nancy B. Marthakis to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

December 11, 2023               *s/ Damon R. Leichty*
                                Judge, United States District Court