UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEJUAN LOWE,

    Plaintiff,

    v.      CAUSE NO. 3:23-CV-607-CCB-MGG

NANCY B. MARTHAKIS,

    Defendant.

## OPINION AND ORDER

DeJuan Lowe, a prisoner without a lawyer, is proceeding in this case "against Dr. Nancy B. Marthakis in her individual capacity for compensatory and punitive damages for persisting in a course of ineffective treatment of Mr. Lowe's gastritis and ulcerative colitis from 2013 through 2023 in violation of the Eighth Amendment[.]" ECF 9 at 5. Dr. Marthakis filed a motion for partial summary judgment, arguing Lowe did not exhaust his administrative remedies before filing this lawsuit. ECF 24. Lowe filed a response, and Dr. Marthakis filed a reply. ECF 33, ECF 36. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citing *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* (citing *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

Dr. Marthakis provides an affidavit from the Grievance Specialist at Indiana State Prison and Lowe's grievance records, which show the following facts: On June 9, 2022, Lowe submitted a grievance complaining he'd received ineffective medical care over the past three years. ECF 25-1 at 4, 23. Lowe listed the "Date of Incident" as

2

"ongoing." *Id.* at 23. On June 16, 2022, the grievance office rejected this grievance (1) as untimely because it was submitted more than ten business days after the date of incident, and (2) because it didn't list a "specific date of incident." *Id.* at 4, 22.[1] On June 17, 2022, Lowe submitted a new grievance again complaining he'd received ineffective medical care over the past three years and listing an incident date of "2018-ongoing." *Id.* at 4, 25. On June 28, 2022, the grievance office rejected this grievance (1) as untimely because "2018 is past 10 business days," and (2) because Lowe did not fill out the "Date" portion of the grievance form. *Id.* at 4, 24.[2]

On January 4, 2023, Lowe submitted a Request for Health Care requesting medical treatment and pain medication. ECF 25-1 at 4. On January 16, 2023, Lowe submitted Grievance 150379, listing an incident date of January 4, 2023, and complaining that:

> I have a medical condition that is not being attended to. I'm constantly bleeding, and having severe pains. Medical staff is being deliberately indifferent to my chronic condition and is not properly treating my condition. I submitted a health care request to be seen with urgent language with the medical request. I am not receiving effective medical treatment including proper dressing for my wounds, and pain reliever for my pain.

*Id.* at 4, 36. Lowe requested as relief that his chronic condition be adequately taken care of and he receive effective medical treatment. *Id.* at 36. The grievance office denied

---

[1] To the extent the grievance office rejected this grievance as untimely, the rejection was improper because the grievance complained of an ongoing injury. *See Weiss v. Barribeau*, 853 F.3d 873, 874 (7th Cir. 2017) (determining that an examiner had failed to explain why a grievance was untimely where the grievance complained of an ongoing injury); *Ramirez v. Fahim*, No. 12-cv-1197-MJR-SCW, 2013 WL 12181943, at *3 (S.D. Ill. Dec. 20, 2013) (concluding a plaintiff's grievance was not untimely because the plaintiff could begin the grievance process at any time that a denial of medical care was ongoing).

[2] To the extent the grievance office rejected this grievance as untimely, the rejection was again improper.

3

Grievance 150379 on its merits, concluding Lowe was receiving adequate medical care. *Id.* at 5, 35. Lowe submitted Level I and Level II appeals, fully exhausting the grievance. *Id.* at 28-35.

In her summary judgment motion, Dr. Marthakis concedes Lowe fully exhausted Grievance 150379. The court therefore accepts that as undisputed. However, Dr. Marthakis argues Grievance 150379 only relates to Lowe's medical treatment since January 4, 2023, and any allegations regarding medical care that occurred prior to January 4 are untimely under the IDOC grievance procedure. ECF 26 at 9-11. She asks the court to award her partial judgment "as to Plaintiff's claims for Constitutional violations that pre-date January 4, 2023." *Id.*

The exhaustion requirement's primary purpose is to alert the prison to the problem and invite corrective action. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Thus, "[i]n order to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing." *Id.* at 650. "Separate complaints about particular incidents are only required if the underlying facts or the complaints are different." *Id.* Accordingly, "once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement." *Id.*

Here, Lowe is proceeding against Dr. Marthakis for "persisting in a course of ineffective treatment of [his] gastritis and ulcerative colitis from 2013 through 2023." It is undisputed Lowe submitted and fully exhausted Grievance 150379 in January 2023, in which he complained he was receiving ineffective treatment for his gastritis and

4

ulcerative colitis. ECF 25-1 at 36. This put the prison on notice and gave it an opportunity to correct Lowe's complaint that Dr. Marthakis was providing constitutionally inadequate treatment. Though the alleged constitutional violation was ongoing between 2013 and 2023, Lowe was not required to submit a grievance on an earlier date. *See Strominger v. Neal*, No. 3:20-cv-266-RLM-MGG, 2021 WL 1311093 (N.D. Ind. Apr. 8, 2021) (holding an inmate did not need to file a separate grievance each time a correctional officer denied him his medication because, although the events happened on different days, the "underlying facts" were the same); *Selvie v. Siddiqui*, No. 3:20-cv-328-GCS, 2021 WL 347836, at *6 (S.D. Ill. Feb. 2, 2021) ("Both grievances make clear that Plaintiff was not grieving a specific, discrete incident with Defendants, but rather, requesting relief for his ongoing pain and lack of treatment. Accordingly, Plaintiff was not required to have first fully exhausted his remedies in April 2016, as his pain was a continuing violation which 'restarted' each day it was not treated.").

In her reply, Dr. Marthakis argues that "each time Plaintiff's treating physician changed and each time his conditions were re-evaluated, it served as an intervening factor that terminated any alleged continuing violation." ECF 36 at 4. But Lowe is proceeding in this case only against Dr. Marthakis, and not against any other treating physicians. Moreover, the exhaustion analysis is not concerned with whether Lowe's physician changed or whether his condition was re-evaluated, but with whether Lowe exhausted a grievance raising the "underlying facts" of his claim. Dr. Marthakis provides no evidence the "underlying facts" of Lowe's treatment for his gastritis and ulcerative colitis changed between 2013 and 2023, or that they changed on January 4,

5

2023. While Grievance 150379 lists an incident date of January 4, 2023, the grievance does not complain of a specific, discrete incident occurring on that date, but rather requests treatment for an ongoing condition.[3] Thus, Grievance 150379 exhausts Lowe's claim that he was provided ineffective treatment for his gastritis and ulcerative colitis between 2013 and 2023, as there is no legal basis to conclude it only exhausts the treatment Lowe received after January 4, 2023.

Accordingly, the undisputed facts show Lowe fully exhausted Grievance 153079, which put the prison on notice of Lowe's claim that Dr. Marthakis provided constitutionally inadequate treatment for his gastritis and ulcerative colitis. Dr. Marthakis has therefore not met her burden to show Lowe didn't exhaust his administrative remedies before filing this lawsuit.

For these reasons, the court DENIES Dr. Marthakis' motion for partial summary judgment (ECF 24).

SO ORDERED on June 18, 2024.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

---

[3] It's worth noting that Lowe only added this incident date after his previous grievances were improperly rejected as untimely.